UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CECILLE ROCKETT and<br>TERRANCE SMITH,<br><br>    Plaintiffs,<br><br>v.<br><br>MICHAEL RENTH, CHRISTOPHER BURNS, and CITY OF MADISON,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 3:14-cv-00687-DRH-PMF<br>)<br>)<br>) PLAINTIFF DEMANDS<br>) TRIAL BY JURY<br>) |

## COMPLAINT

Now comes the plaintiffs, Cecille Rockett and Terrance Smith, by and through their attorney, Ellis Law Firm, and for their complaint against the defendants, states as follows:

### Allegations Common to All Counts

1. At all times material hereto, the plaintiffs Cecille Rockett and Terrance Smith (hereinafter "Cecille" and "Terrance") resided in the City of Madison, Madison County, Illinois.

2. At all times material hereto, the defendant Michael Renth was employed as a law enforcement officer by the City of Madison, Illinois.

3. At all times material hereto, the aforementioned defendant was acting under color of state law and is being sued in his individual capacity.

4. At all times material hereto, the defendant Christopher Burns was employed as the Chief of Police for the City of Madison Police Department.

5. As the Police Chief, the defendant Burns had the duty to insure that officers were properly trained, supervised and disciplined.

6. At all times material hereto, the defendant Burns was acting under color of state law or local ordinance and he is sued in his individual capacity.

7. At all times material hereto, the defendant City of Madison was an Illinois municipality and was the employer of the other defendants and as such, the defendant City of Madison was responsible for the hiring, retention, training, supervision and discipline of subordinate officers, including the named defendants herein.

## Count I
### Section 1983 Violation of Fourth Amendment:
### Excessive Force – Defendant Michael Renth Against Cecille Rockett

8. On June 14, 2013, around 8:18 p.m., Madison Police Officer J.D. Harris was arresting Cecille's son Larry Smith, in front of Cecille's house at 1032 Washington Avenue, City of Madison, Madison County, Illinois. Harris arrested Larry Smith for the ordinance violation of Disobeying a Lawful Command of a Police Officer, the misdemeanor of Criminal Damage to Property, and five traffic offenses.

9. When Harris tried to explain why he had stopped Larry Smith, Larry became belligerent. Harris told Larry to calm down. Both Cecille and Terrance continuously told Larry to shut up and to stop acting unreasonably. Officer Renth drove to Cecille's house when he heard on the radio that Harris was conducting a traffic stop on Washington Avenue.

10. Cecille asked Harris if she could take Larry's scooter in her house. Harris refused and insisted on having it towed because Larry was not cooperative.

11. As Cecille was talking to Harris, defendant Renth arrived. Renth walked up to Cecille and grabbed her and threw her to the ground near the curb. At that time, Harris threw Terrance down on a concrete sidewalk.

12. At the time Renth threw Cecille to the ground, Renth had no specific, articulable facts in his possession that Cecille had committed or was about to commit a crime which justified placing her under arrest.

13. Under Illinois law, a police officer is only justified in using force which is reasonably necessary to defend himself, to affect an arrest, or to prevent an escape. 720 ILCS 5/7-5. None of those events were present in this case.

14. Renth transported Cecille back to the City of Madison Police department where she was photographed and then released.

15. Cecille went the next day to Gateway Regional Medical Center for her injuries.

16. The acts and omissions of Defendant Renth were a direct and proximate cause of Cecille's injuries, included, but not limited to, physical pain and suffering; pain on the both sides of her body; pain in her low back; pain in her left hip; pain in her right hand; pain all over her body; swelling in her feet, legs, right wrist, and hands; increased tremors; numbness in her left leg; and Cecille has incurred medical bills and attorney fees due to the violation of her Fourth Amendment right to be free from being arrested without probable cause.

17. At all times material hereto, the defendant Renth acted intentionally, willfully and/or with reckless indifference for the rights of Cecille. Defendant Renth knew or should have known that grabbing Cecille and unnecessarily throwing her to the ground violated clearly established Constitutional law and Illinois law on justifiable force that a police officer is permitted to use.

Wherefore, the plaintiff Cecille Rocket hereby prays for judgment in her favor and against the defendant Michael Renth and requests compensatory damages in excess of $50,000, punitive

damages against the defendant Renth, as an individual, in excess of $50,000, reasonable attorney fees, costs of suit, prejudgment and post judgment interest, and any other relief which this Court deems appropriate.

### Count II
### Battery – Defendant Michael Renth Against Cecille Rockett

18. The plaintiff, Cecille Rocket, hereby incorporates and realleges paragraphs 1 through 17 by reference thereto as though fully alleged in this paragraph. The plaintiff does not incorporate the prayers following the above paragraphs.

19. Cecille never gave her permission to be touched by the Defendant Renth.

20. Since Cecille never consented to being touched, grabbing Cecille and throwing her to the ground, without any other legal justification, constituted a battery.

Wherefore, the plaintiff Cecille Rocket hereby prays for judgment in her favor and against the defendant Michael Renth and requests compensatory damages in excess of $50,000, punitive damages against the defendant Renth, as an individual, in excess of $50,000, reasonable attorney fees, costs of suit, prejudgment and post judgment interest, and any other relief which this Court deems appropriate.

### Count III
### Malicious Prosecution - Defendant Michael Renth Against Cecille Rockett

21. The plaintiff, Cecille Rocket, hereby incorporates and realleges paragraphs 1 through 17 by reference thereto as though fully alleged in this paragraph. The plaintiff does not incorporate the prayers following the above paragraphs.

22. The defendant Renth arrested Cecille. The defendant Renth transported Cecille to the Madison Police Department where she was photographed and, presumably, demographic

information was obtained from her and then she was released. Three days later, on June 17, 2013, defendant Renth charged Cecille with obstructing a peace officer. Renth alleged in the charge that Cecille "blocked and grabbed ahold of [Michael Renth] while telling Terence Smith to run into the house."

23. Upon information and belief, the defendant Renth charged Cecille with obstructing a peace officer in order to justify his unprovoked attack upon her.

24. The defendant Renth acted with malice grabbing Cecille and throwing her to the ground without provocation and by arresting her to justify his unprovoked attack upon her.

25. Renth's unlawful arrest injured Cecille by depriving her of her liberty and by the injuries described in Count I.

Wherefore, the plaintiff Cecille Rocket hereby prays for judgment in her favor and against the defendant Michael Renth and requests compensatory damages in excess of $50,000, punitive damages against the defendant Renth, as an individual, in excess of $50,000, reasonable attorney fees, costs of suit, prejudgment and post judgment interest, and any other relief which this Court deems appropriate.

### Count IV
### False Arrest – Defendant Michael Renth Against Cecille Rockett

26. The plaintiff, Cecille Rocket, hereby incorporates and realleges paragraphs 1 through 17 by reference thereto as though fully alleged in this paragraph. The plaintiff does not incorporate the prayers following the above paragraphs.

27. The defendant Renth arrested Cecille and charged her with a obstructing a peace officer.

28. Upon information and belief, the defendant Renth charged Cecille with obstructing a peace officer in order to justify his unprovoked attack upon Cecille.

29. Renth lacked probable cause to place Cecille under arrest.

Wherefore, the plaintiff Cecille Rocket hereby prays for judgment in her favor and against the defendant Michael Renth and requests compensatory damages in excess of $50,000, punitive damages against the defendant Renth, as an individual, in excess of $50,000, reasonable attorney fees, costs of suit, prejudgment and post judgment interest, and any other relief which this Court deems appropriate.

### Count V
### Section 1983 Violation of Fourth Amendment:
### Failure to Adequately Supervise and Train –
### Christopher Burns Against Cecille Rockett

30. The plaintiff, Cecille Rockett, hereby incorporates and realleges paragraphs 1 through 29 by reference thereto as though fully alleged in this paragraph. The plaintiff does not incorporate the prayers following the above paragraphs.

31. Defendant Burns had a duty to make sure that the defendant Renth had received proper training on the use of force and some steps to avoid the use of force.

32. The plaintiff further claims that her injuries and deprivation of rights were directly caused by the deliberate indifference of Defendant Burns in failing to provide adequate training to Madison police officers in the following ways:

   a. The proper use of force;

   b. Learning the law regarding probable cause;

   c. Learning the constitutional rights guaranteed under the Fourth Amendment; and/or

   d. An assessment that the training provided, if any, was adequately understood as to the proper use of force and in the law regarding probable cause.

33. Defendant Renth was sued in 2007 for allegedly battering a person truck driver named Adulis Kidane in 2006. Renth allegedly kicked Mr. Kidane in the stomach and head. Mr. Kidane was charged with trespass and resisting arrest. Defendant Renth was again sued in 2009 for using excessive and unnecessary force against Trevaughn Cox.

34. Upon information and belief, protests were made to Madison Police Department or the Mayor of the City of Madison or both regarding Renth using a taser on a minor's head. Further, upon information and belief, Renth was not disciplined for any of the aforementioned acts.

35. Defendant Burns, as the Chief of Police for the City of Madison, had the authority to establish official municipal policy with regards to training police officers and disciplining them for failing to follow guidelines for the appropriate use of force in effecting an arrest.

36. Defendant Burns' failure to establish a municipal policy to insure the proper training for police officers and to see the officers are properly disciplined for using excessive force was, in part, a direct and proximate cause of the plaintiff's injuries which would not have occurred but for Burns' failure to provide municipal policy to establish proper training and discipline officers for using excessive force.

Wherefore, the plaintiff, Cecille Rocket, hereby prays for judgment in her favor and against the defendant Christopher Burns and requests compensatory damages in excess of $50,000, punitive damages against the defendant Burns, as an individual, in excess of $50,000, reasonable attorney fees, costs of suit, prejudgment and post judgment interest, and any other relief which this Court deems appropriate.

## Count VI
### Section 1983 Violation of Fourth Amendment:
### Custom of Unlawful Activity –
### City of Madison Defendant Against Cecille Rockett

37. The plaintiff Cecille Rockett hereby incorporates and realleges paragraphs 1 through 36 by reference thereto as though fully alleged in this paragraph. The plaintiff does not incorporate the prayers following the above paragraphs.

38. Upon information and belief, the defendant City of Madison maintained unwritten customs and practices which permitted or condoned the use of excessive force.

39. The City of Madison was sued in 2007 for falsely arresting Steven Rose who was a witness in the Kidane case. The St. Clair County State's attorney's office refused to prosecute the charges against Rose. Additionally, the city of Madison was sued in 2009 for Renth's excessive use of force. Upon information and belief, instead of disciplining defendant Renth, he was promoted after the 2009 lawsuit.

40. As a direct and proximate cause of the unwritten customs and practices which permitted or condoned the use of excessive force, the Constitutional rights of the plaintiff was violated in the manner previously described in this complaint.

41. The Defendant City of Madison's actions were willful and wanton and in conscious disregard and indifference of the plaintiff's constitutional rights.

Wherefore, the plaintiff Cecille Rocket hereby prays for judgment in her favor and against the City of Madison and requests compensatory damages in excess of $50,000, reasonable attorney fees, costs of suit, prejudgment and post judgment interest, and any other relief which this Court deems appropriate.

## Count VII
## Section 1983 Violation of Fourth Amendment:
### Excessive Force – Defendant Michael Renth Against Terrance Smith

42. The plaintiff Terrance Smith hereby incorporates and realleges paragraphs 1 through 11, and paragraph 13, by reference thereto as though fully alleged in this paragraph. The plaintiff does not incorporate the prayers following the above paragraphs.

43. When plaintiff Terrance Smith was taken to the ground immediately following defendant Renth throwing Cecille to the ground, Terrance stretched out his left arm toward his mother to protect her. Terrance told defendant Renth to not "taze" his mother. Defendant Renth used his taser against Terrance despite Terrance being restrained on the ground.

44. Defendant Renth then began to kick Terrance in the head.

45. The acts and omissions of Defendant Renth were a direct and proximate cause of Terrance's injuries, included, but not limited to, physical pain and suffering; injuries to his head, right shoulder, back, and right knee; abrasions to his face on his right side, to his right knee, and to his right elbow; and Terrance has incurred medical bills and attorney fees in violation of his Fourth Amendment right to be free from being arrested without probable cause.

46. At all times material hereto, the defendant Renth acted intentionally, willfully and/or with reckless indifference for the rights of Terrance. Defendant Renth knew or should have known that using his taser and kicking Terrance in the head when Terrance was restrained on the ground violated clearly established Constitutional law and Illinois law on justifiable force that a police officer is permitted to use.

Wherefore, the plaintiff Terrance Smith hereby prays for judgment in his favor and against the defendant Michael Renth and requests compensatory damages in excess of $50,000, punitive

damages against the defendant Renth, as an individual, in excess of $50,000, reasonable attorney fees, costs of suit, prejudgment and post judgment interest, and any other relief which this Court deems appropriate.

### Count VIII
### Battery – Defendant Michael Renth Against Terrance Smith

47. The plaintiff Terrance Smith hereby incorporates and realleges paragraphs 1 through 11, paragraph 13, and paragraphs 42 through 45 by reference thereto as though fully alleged in this paragraph. The plaintiff does not incorporate the prayers following the above paragraphs.

48. Terrance never gave his permission to be touched by the Defendant Renth.

49. Since Terrance never consented to being touched, the use of the taser and kicking Terrance in the head, without any other legal justification, constituted a battery.

Wherefore, the plaintiff Terrance Smith hereby prays for judgment in his favor and against the defendant Michael Renth and requests compensatory damages in excess of $50,000, punitive damages against the defendant Renth, as an individual, in excess of $50,000, reasonable attorney fees, costs of suit, prejudgment and post judgment interest, and any other relief which this Court deems appropriate.

### Count IX
### Malicious Prosecution - Defendant Michael Renth Against Terrance Smith

50. The plaintiff Terrance Smith hereby incorporates and realleges paragraphs 1 through 11, paragraph 13, and paragraphs 42 through 45 by reference thereto as though fully alleged in this paragraph. The plaintiff does not incorporate the prayers following the above paragraphs.

51. Terrance was taken into custody by Madison police officer J.D. Harris and transported to the Madison Police Department by Officer Harris. The defendant Renth, however, charged Terrance with two charges. First, Renth charged Terrance with obstructing a peace officer by allegedly somehow interfering with officer Renth. Second, Renth charged Terrance with resisting a peace officer, alleging that Terrance "pulled away and swung his arms at officers." Terrance was photographed and, presumably, demographic information was obtained from him and then he was released. Three days later, on June 17, 2013, defendant Renth charged Terrance with the aforementioned charges.

52. Upon information and belief, the defendant Renth charged Terrance with obstructing a peace officer and resisting a peace officer in order to justify his unprovoked attack upon him.

53. The defendant Renth acted with malice using his taser on Terrance and kicking Terrance in the head while he was restrained on the ground and charged him to justify his unprovoked attack upon him.

54. Renth's unlawful arrest injured Terrance by depriving him of his liberty and by the injuries described in Count VII.

Wherefore, the plaintiff Terrance Smith hereby prays for judgment in his favor and against the defendant Michael Renth and requests compensatory damages in excess of $50,000, punitive damages against the defendant Renth, as an individual, in excess of $50,000, reasonable attorney fees, costs of suit, prejudgment and post judgment interest, and any other relief which this Court deems appropriate.

## Count X
### False Arrest – Defendant Michael Renth Against Terrance Smith

55. The plaintiff Terrance Smith hereby incorporates and realleges paragraphs 1 through 11, paragraph 13, and paragraphs 42 through 45 by reference thereto as though fully alleged in this paragraph. The plaintiff does not incorporate the prayers following the above paragraphs.

56. The defendant Renth charged Terrance with a obstructing a peace officer and resisting a peace officer in order to justify his unprovoked attack upon Terrance.

57. Renth lacked probable cause to place Terrance under arrest.

Wherefore, the plaintiff Terrance Smith hereby prays for judgment in his favor and against the defendant Michael Renth and requests compensatory damages in excess of $50,000, punitive damages against the defendant Renth, as an individual, in excess of $50,000, reasonable attorney fees, costs of suit, prejudgment and post judgment interest, and any other relief which this Court deems appropriate.

## Count XI
### Section 1983 Violation of Fourth Amendment: Failure to Adequately Supervise and Train – Christopher Burns Against Terrance Smith

58. The plaintiff Terrance Smith hereby incorporates and realleges paragraphs 1 through 11, paragraph 13, paragraph 30, paragraphs 32 to 35, and paragraphs 42 through 45 by reference thereto as though fully alleged in this paragraph. The plaintiff does not incorporate the prayers following the above paragraphs.

59. Terrance further claims that his injuries and deprivation of rights were directly caused by the deliberate indifference of Defendant Burns in failing to provide adequate training to Madison police officers in the following ways:

  a. The proper use of force;

  b. Learning the law regarding probable cause;

  c. Learning the constitutional rights guaranteed under the Fourth Amendment; and/or

  d. An assessment that the training provided, if any, was adequately understood as to the proper use of force and in the law regarding probable cause.

Wherefore, the plaintiff, Terrance Smith, hereby prays for judgment in his favor and against the defendant Christopher Burns and requests compensatory damages in excess of $50,000, punitive damages against the defendant Burns, as an individual, in excess of $50,000, reasonable attorney fees, costs of suit, prejudgment and post judgment interest, and any other relief which this Court deems appropriate.

## Count XII
### Section 1983 Violation of Fourth Amendment: Custom of Unlawful Activity – City of Madison Defendant Against Terrance Smith

60. The plaintiff Terrance Smith hereby incorporates and realleges paragraphs 1 through 11, paragraph 13, paragraph 30, paragraphs 37 through 40, and paragraphs 42 through 45 by reference thereto as though fully alleged in this paragraph. The plaintiff does not incorporate the prayers following the above paragraphs.

Wherefore, the plaintiff Terrance Smith hereby prays for judgment in his favor and against the City of Madison and requests compensatory damages in excess of $50,000, reasonable attorney fees, costs of suit, prejudgment and post judgment interest, and any other relief which this Court deems appropriate.

ELLIS LAW FIRM

/s/ Jim Ellis
Jim Ellis, #6229208
Attorney for Plaintiff

ELLIS LAW FIRM
P.O. Box 23263
Belleville, IL  62223-0263
(618) 235-1341 telephone
(888) 577-5855 facsimile